El Pueblo de Puerto Rico, demandante y apelado, *v.* Pedro Argues Nieves, acusado y apelante.

No. 3649.—*Sometido:* Marzo 21, 1929. *Resuelto:* Abril 2, 1929.

*E. González Mena,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

El Juez Asociado Señor Texidor, emitió la opinión del tribunal.

Acusado Pedro Argues Nieves de un delito de portar armas, la Corte de Distrito de Aguadilla lo declaró culpable, y le impuso un mes de cárcel, y las costas. El acusado apela de esta sentencia. Y en su alegato señala un error, el siguiente:

"Que la corte sentenciadora, cometió manifiesto error al no absolver al acusado, toda vez que el registro realizado en su persona para ocuparse como se ocupó la pistola, es completamente ilegal, y en abierta violación de lo que dispone la sección 10 de la Ley Prohibiendo portar armas, aprobada el 25 de junio de 1924."

Lo que en el juicio ocurrió aparece claramente de la sentencia, que copiada es como sigue:

"El día 7 de junio de 1928, fué llamada esta causa para su vista, compareciendo 'El Pueblo de Puerto Rico' representado por su Fis-

cal Sr. Francisco R. Flores y el acusado asistido de su abogado defensor Lcdo. E. González Mena, anunciando ambas partes estar listas para juicio.

"El Secretario dió lectura a la denuncia presentada y el acusado hizo alegación de 'no culpable.'

Acto seguido, el Fiscal y la defensa convinieron que los testigos de cargo declararían bajo juramento, en la silla de los testigos, que el acusado Pedro Argues Nieves, el día 24 de mayo de 1928, en el barrio Arenales de Aguadilla (dentro de este distrito judicial) portaba sobre su persona una pistola marca 'Colt', calibre 32 No. 112021, cargada con siete cápsulas, la cual le fué ocupada a dicho acusado al ser éste arrestado en el referido barrio en dicho día 24 de mayo de 1928 por un delito de juegos prohibidos a que se refiere la denuncia presentada; que el acusado Pedro Argues Nieves fué denunciado por el delito de juegos prohibidos a que alude la denuncia; que se declaró culpable y fué sentenciado a pagar una multa de cinco dólares; que se sometió a la sentencia haciendo efectiva la multa impuéstale como culpable y convicto del delito de juegos prohibidos a que se hace mérito en la denuncia; que el acusado Pedro Argues Nieves al ser arrestado en dicho barrio de Arenales el día 24 de mayo de 1928 por el delito de juegos prohibidos, se encontraba ordenadamente, no estaba en estado de embriaguez, no amenazaba perturbar la paz, no hacía ostentación de portar alguna arma y se conducía pacíficamente, admitiendo ambas partes que los testigos de la denuncia al declarar lo que se ha dejado expuesto dirían la verdad, siendo cierto y verdadero todo lo que se ha relacionado.

"El acusado alegó la defensa de que la ocupación de dicha pistola fué ilegal, por haberse infringido por la policía las disposiciones de la Sección 10 de la Ley Prohibiendo Portar Armas, de junio 25, 1924, que establece, entre otras cosas, que será ilegal que funcionario alguno de policía registre a un ciudadano que se conduzca pacífica y ordenadamente, con el objeto de confiscar alguna arma de fuego o de otra clase especificada por la ley.

"La Corte, después de haber oído la lectura de la denuncia, la alegación de no culpable hecha por el acusado, la estipulación oral de las partes y luego de considerar los alegatos presentados, resuelve declarar y declara al acusado Pedro Argues Nieves culpable del delito de portar armas prohibidas y lo condena a sufrir un mes de cárcel y al pago de las costas del proceso."

La sección 10 de la Ley No. 14 de 25 de junio de 1924, dice que es un registro ilegal el que a pretexto de la pro-

hibición de llevar consigo armas, se practique por cualquier funcionario en la persona de un ciudadano que se conduce ordenadamente, no se halla en estado de embriaguez, no exhibe u ostenta arma prohibida, y se encuentra dentro de las excepciones que en el referido precepto legal se señalan.

Pero, si bien de ese acto ilegal pueden surgir ciertas consecuencias en el orden penal, y en el procesal, (sobre todo en materia de evidencia) es perfectamente claro que la sección 10 que anotamos, al declarar ilegal un registro de la persona en aquellas condiciones, no autoriza a esa persona a llevar sobre sí armas prohibidas, ni excusa del carácter de infracción que, por sí mismo, tiene el hecho de llevarlas; ese hecho sigue siendo delictivo, aparte de cualquier derecho de inviolabilidad personal.

No es necesario, en este caso, resolver si el derecho de arresto trae consigo el de registro del arrestado.

En este caso, el acusado además ha convenido en que la prueba demostraría que él llevaba sobre sí una pistola cargada. Y ese es el hecho que la ley prevé y castiga. Los derechos del acusado contra un registro personal ilegal, abusivo, no crean en su favor el derecho de llevar consigo un arma con la que se puede causar un daño.

Por tales razones declaramos que no incurrió la corte en el error que se señala.

*La sentencia apelada debe ser confirmada.*