El Pueblo de Puerto Rico, demandante y apelado, *v.* Ambrosio Rosado Guzmán, acusado y apelante.

Núm. 9875.—*Sometido:* Mayo 21, 1943. *Resuelto:* Junio 4, 1943.

198

*Federico García Veve,* abogado del apelante; *R. A. Gómez, Fiscal del Tribunal Supremo,* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

Se radicó acusación contra el acusado por el delito de portar un revólver, en violación de la sección 1, Ley núm. 14, Leyes de Puerto Rico, 1924 (pág. 115). Fué juzgado, convicto y sentenciado a un mes de cárcel por la corte de distrito.

En apelación, alega el acusado, entre otras cosas, que la corte inferior cometió error al declarar sin lugar su moción sobre supresión de prueba en relación con la ocupación del arma en cuestión. La moción fué debidamente radicada con anterioridad al juicio, pero por estipulación de las partes la corte no la consideró hasta que el testimonio en relación con la ocupación fué presentado durante el juicio.

El policía que arrestó al acusado declaró que el 5 de noviembre de 1940, que era el día de las elecciones que se celebran en Puerto Rico cada cuatro años, estaba de recorrida por varios barrios de Guaynabo, toda vez que había sido informado que algunas personas estaban impidiendo a los electores ir al pueblo a votar; que cuando llegó al barrio Sonadora observó que el acusado tenía "un bulto aquí. Indicando."; que en su consecuencia lo registró encontrándole el revólver que ocupó. En la repregunta, el policía declaró que no tenía orden de allanamiento; que el acusado, que usaba gabán, estaba pacífico y sobrio; que no alteraba la paz, sino que simplemente conversaba ordenadamente con algunos amigos; y que el acusado no hacía ostentación ni alarde de que portaba un arma de fuego.

No podemos ver cómo puede escaparse a la conclusión de que este registro es ilegal. La única base posible para el registro fué la afirmación del policía de que observó que el acusado tenía "un bulto aquí. Indicando." El permitir un registro involuntario debido a tal indicio sería anular un derecho constitucional fundamental por el mero *ipse dixit* de un policía de que pensó que una parte del cuerpo de una persona le pareció abultada. Resolver así equivaldría a derogar de un plumazo un concepto constitucional que no puede violarse si es que deseamos permanecer libres. Resolvemos que el registro y la ocupación en este caso fueron ilegales.

■ Sin embargo, el pueblo alega que no importa cuán ilegal el registro pueda haber sido bajo la sección 10, Ley núm. 14, Leyes de Puerto Rico, 1924, la evidencia que resulte del mismo es admisible contra del acusado. Aunque ninguna de las partes lo cita, esta Corte resolvió en *Pueblo* v. *Capriles*, 58 D.P.R. 548, en una exhaustiva opinión del Juez Asociado Sr. De Jesús, que prueba obtenida mediante una orden de allanamiento ilegal no es admisible en evidencia. Cuando como en el presente caso no se expide orden de allanamiento alguna, la evidencia obtenida mediante registro ilegal es, de conformidad con el caso de *Capriles,* inadmisible *a fortiori* (*Pueblo* v. *Decós,* ante, pág. 148, resuelto en 1 de junio de 1943). El caso de *Pueblo* v. *Argues Nieves,* 39 D. P.R. 387, citado por el Pueblo, se puede distinguir por sus hechos, debido a que la pistola en cuestión fué ocupada como resultado de un allanamiento hecho en relación con un arresto por juegos prohibidos. Sin embargo, añadimos que cualquier inferencia que pueda surgir del caso de *Argues* al efecto de que impera en esta jurisdicción una regla diferente a la que se sigue en este caso, fué eliminada definitivamente por el caso de *Capriles.*

En vista de nuestra conclusión en cuanto a la ilegalidad del registro, es innecesario considerar los otros errores señalados.

*La sentencia será revocada y se dictará una nueva sentencia absolviendo al acusado y ordenando se le devuelva el revólver.*

El Juez Presidente Sr. Del Toro no intervino.