EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* LUIS RÍOS FLORES, acusado y apelante.

Núm. 14799.—*Sometido:* Diciembre 6, 1950. *Resuelto:* Diciembre 13, 1950.

*Manuel A. García Méndez, Manuel A. García Hermida* y *José Veray, Jr.,* abogados del apelante; *Hon. Procurador General Vicente Géigel Polanco, J. Rivera Barreras, Fiscal del Tribunal Supremo* y *Frank Vizcarrondo Vivas, Fiscal Auxiliar*, abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

El apelante fué acusado del delito de portar armas. Una vez convicto se le impuso sentencia de dos meses de cárcel. En apelación, alega en primer término que la corte inferior erró al no resolver que el arma fué ocupada como resultado de un registro ilegal.

Un policía declaró que se le entregó una orden de arresto contra el acusado imputándole la comisión de un delito con-

tra natura; que esperó al acusado, que regresaba a su casa en su automóvil de una de sus fincas; que cuando llegó el acusado, el testigo le ordenó que se detuviera; que el testigo subió al automóvil y se sentó al lado del acusado, diciéndole que estaba bajo arresto; que le mostró la orden de arresto, se la leyó y se la dió para que la leyera; que el acusado le dijo que primero deseaba almorzar, pero el testigo insistió en que el acusado tenía que ir inmediatamente con él al Cuartel de la Policía; que el acusado condujo el automóvil hasta cerca del cuartel; que cuando lo detuvo el testigo vió una pistola en el compartimiento de guantes, que estaba entreabierto; y que entonces sacó la pistola de dicho compartimiento.

Por otro lado, el acusado declaró que el policía nunca le informó que estaba bajo arresto ni le entregó orden de arresto alguna cuando primeramente se dirigió a él. Más bien, según el acusado, el policía simplemente le pidió que lo acompañara al cuartel porque el Jefe le había ordenado que le pidiera que fuera al cuartel. Fueron juntos en su automóvil, donde por primera vez otro policía le entregó la orden de arresto.

El acusado sostiene que la corte inferior debió haber dado crédito a su propia versión del arresto y no a la del policía. El apelante fué juzgado por el delito contra natura y fué absuelto por un jurado. La declaración del policía en este último caso fué presentada en el presente para impugnar su credibilidad. De acuerdo con el acusado, el testimonio del policía en el primer juicio fué al efecto de que el arresto se practicó luego de abandonar el automóvil en el cuartel, y por consiguiente estaba en conflicto con su declaración en el presente caso.

No nos detendremos a determinar si las declaraciones del policía en los dos juicios fueron contradictorias. A lo sumo, su declaración anterior podía considerarse como que impugnaba su credibilidad. Luego de tomar en consideración todas las declaraciones, incluyendo el supuesto testimonio contradictorio en el primer juicio, la corte inferior resol-

vió a favor del Pueblo el conflicto en la evidencia en cuanto al momento en que se practicó el arresto. En los autos no hay base para alterar esta conclusión de que el arresto ocurrió cuando el policía subió por primera vez al automóvil del acusado.

█ Habiendo efectuado el policía un arresto válido, tenía derecho a un registro incidental al mismo. Esto podría incluir (1) registro del acusado; (2) registro del sitio donde se practicó el arresto en busca de los frutos del delito o de los medios por los cuales éste se cometió; y (3) registro del sitio donde se practicó el arresto en busca de armas y otras cosas que el acusado pudiera usar para escapar. *United States* v. *Rabinowitz*, 339 U. S. 56, 61, y casos citados; *Harris* v. *United States*, 331 U. S. 145, 151; *Pueblo* v. *Santos Martínez*, 71 D.P.R. 310; *Haverstick* v. *State*, 147 N. E. 625 (Ind., 1925). El derecho de realizar tales registros como incidentales a un arresto legal está reconocido aun por los jueces disidentes en *Davis* v. *United States*, 328 U. S. 582, 609-11.(1)

█ El raciocinio de la doctrina que permite el registro en busca de armas, como incidental a un arresto válido, surge del lenguaje del Juez Cardozo que dice así: "El agente de orden público con poderes para arrestar, debe tener poderes para desarmar. Si puede desarmar, puede registrar, por si se oculta un arma. Siendo el registro legal, retiene lo que encuentra . . . ". *People* v. *Chiagles*, 142 N. E. 583, 584 (N. Y., 1923). Y evidencia ocupada como resultado de tal registro legal puede usarse para probar un delito no relacionado en manera alguna con el delito por el cual se efectúa el arresto. *Harris* v. *United States*, supra, págs. 154-5; *Haverstick* v. *State*, supra.

En el caso corriente se arresta a un acusado en su casa o en su negocio, los cuales son luego registrados como inci-

---

(1) Los casos de *Pueblo* v. *Nieves*, 67 D.P.R. 305, y *Pueblo* v. *Rosado*, 62 D.P.R. 197, son distinguibles porque los registros en ellos envueltos no se basaron en arrestos legales.

dentales al arresto. Pero el mismo principio se aplica cuando se arresta en un automóvil. *Haverstick* v. *State*, supra. En verdad, con las mismas circunstancias, el derecho a registrar el automóvil es un caso *a fortiori*. Esto es así porque la Corte Suprema recientemente indicó en *Brinegar* v. *United States*, 338 U. S. 160, 176-77, que las normas muy estrictas referentes al allanamiento de hogares u otros sitios privados no son enteramente aplicables a un vehículo que discurre libremente por las carreteras públicas. Véanse *Husty* v. *United States*, 282 U. S. 694; *Pueblo* v. *Díaz*, 71 D.P.R. 505.(²)

La regla que justifica el registro en busca de armas, como incidental a un arresto válido, es de aplicación a los hechos de este caso. El acusado fué arrestado en su automóvil, usado por éste para ir con el policía al cuartel. Para desarmarlo y evitar que escapara, el policía tenía derecho a registrar el compartimiento de guantes que estaba al alcance del acusado desde su asiento de conductor. En su consecuencia, el producto de tal registro legal podía usarse como evidencia al ser acusado de portar armas, aun cuando el registro fué incidental al arresto por el delito no relacionado de contra natura.

■ En vista de lo anterior, resta sólo referirnos brevemente a la contención del acusado de que la corte inferior debió haber dado crédito a su testimonio al efecto de que el compartimiento de guantes estaba cerrado y no entreabierto cuando él conducía su automóvil al cuartel. Aquí una vez más señala el acusado la supuesta declaración contradictoria del policía dada en el primer juicio. Además, el acusado declaró que no tenía arma alguna en el compartimiento y que dicha arma fué producida por el policía por primera vez en el cuartel procedente de alguna fuente

---

(²) Debe tenerse en cuenta que no obstante las normas menos estrictas en relación con automóviles, bajo todas las circunstancias, siempre debe existir causa probable para justificar, sin una orden, el arresto del ocupante de un vehículo en movimiento. En ausencia de causa probable, dicho arresto y el registro incidental al mismo serían ilegales.

desconocida para el acusado. Este argumento tiene dos contestaciones. Primeramente, en cuanto al momento del arresto, la corte inferior dió crédito a la declaración del policía al efecto de que el compartimiento estaba entreabierto y que de hecho éste contenía un arma. En segundo lugar, aun cuando hubiera estado cerrado dicho compartimiento, según declaró el acusado, el policía, como hemos visto, tenía derecho a registrarlo para cerciorarse de que no contenía un arma que pudiera ser usada por el acusado para escapar. Si buscó y encontró un arma, según creyó la corte inferior, es inmaterial la cuestión de si el compartimiento estaba cerrado o entreabierto.

■ El próximo error señalado es que la corte inferior abusó de su discreción al declarar sin lugar la solicitud del acusado para que se hiciera una inspección ocular del automóvil, una *pick-up* Ford de 1948. El acusado afirmó que el automóvil había estado fuera de su control desde su arresto y estaba bajo la custodia de la corte inferior por virtud de un embargo en un pleito civil. Sostuvo que la inspección revelaría que el compartimiento de guantes tenía tal construcción que no podía estar entreabierto y que por el contrario tenía que estar cerrado o completamente abierto. La corte inferior denegó la solicitud manifestando que lo hacía porque tenía dudas de si el compartimiento estaba el día del juicio en la misma condición que cuando se practicó el arresto. No podemos decir que con ello la corte inferior abusara de su discreción, especialmente ya que hemos resuelto que el policía tenía derecho a buscar un arma en el compartimiento de guantes, aun cuando, según alega el acusado, dicho compartimiento estuviera cerrado en ese momento. *Pueblo* v. *Cruz*, 60 D.P.R. 116; *Martínez* v. *Martínez*, 68 D.P.R. 203; *Pueblo* v. *Sarria*, 57 D.P.R. 882.

■ Finalmente, sostiene el acusado que la corte de distrito cometió error al apreciar la prueba. Toda vez que

de los autos surge suficiente evidencia para sostener la sentencia de la corte inferior, no podemos intervenir con su actuación a este respecto.

*La sentencia de la corte de distrito será confirmada.*