## LIGGETT & MYERS TOBACCO Co. *v.* MILLER and others.

*(Circuit Court, E. D. Missouri.* March term, 1880.)

PATENT—INTERFERING PATENTS—SERVICE OF NOTICE OUTSIDE OF DISTRICT.—In proceedings for relief against the owners of an interfering patent, under section 4918 of the Revised Statutes, no provision is made for the service of notice upon parties outside of the district in which such proceedings have been instituted.

*S. S. Boyd,* for complainant.

*Hatch & Stem* and *Winchester & Beattie,* for defendants.

McCRARY, J., *(orally.)* This is a proceeding under section 4918 of the Revised Statutes of the United States, touching interfering patents. I will read the section in full:

"Whenever there are interfering patents, any person interested in any one of them, or in the working of the invention claimed under either of them, may have relief against the interfering patentee, and all parties interested under him, by suit in equity against the owners of the interfering patent; and the court, on notice to adverse parties, and other due proceedings had according to the course of equity, may adjudge and declare either of the patents void, in whole or in part, or inoperative or invalid in any particular part of the United States, according to the interest of the parties in the patent or the invention patented. But no such judgment or adjudication shall affect the right of any person except the parties to the suit, and those deriving title under them subsequent to the rendition of such judgment."

When this case was brought to our attention, on the second day of February last, we held that the proceeding contemplated by this section was an ordinary proceeding in chancery; that it was not a summary proceeding, but an adversary proceeding, in which the party must file the usual bill in chancery and issue the subpœna required by the chancery practice. In accordance with that ruling counsel amended his bill so as to make it conform to the chancery practice, and issued the usual subpœna, which has been served on the defendants who were within the district. He furthermore issued a notice which has been served on parties outside of the district. The notice is as follows, addressed to the several defendants:

"Please take notice that we have this day filed an amended bill in equity in the above entitled cause, under section 4918, Rev. St. of the United States, praying, among other things, that said court may adjudge and declare Re-issue Letters Patent, No. 8060, granted the above named defendants, January 29, A. D. 1878, for 'Improvement in Finishing Tobacco Plugs,' to be utterly null and void.

"Respectfully, etc.,

"LIGGETT & MYERS TOBACCO CO.

"By SAM'L S. BOYD, Solicitor."

The question presented now is, and it is presented really for the second time, whether in such a case as this the complainant may depart from the usual chancery practice, and issue a notice of this character to be served outside of the district.

Counsel has very properly, I think, brought the matter again before us, for the reason that it was considered very hurriedly on the former occasion, and for the further reason that he ought to have the question presented in a shape to be reviewed by the supreme court. But, on a re-consideration of the whole subject, we have reached the same conclusion announced before. No law of the United States makes provision for the service of any process outside of the district. On the contrary, it is expressly provided, by section 739 of the Revised Statutes, that, "except in the cases provided in the next three sections, no person shall be arrested in one

district, for trial in another, in any civil action before a circuit or district court; and except in the said cases, and the cases provided by the preceding section, no civil suit shall be brought before either of said courts against an inhabitant of the United States, by any original process, in any other district than that of which he is an inhabitant, or in which he is found at the time of serving the writ."

This is not a case that comes within any exception to that rule. The exceptions are cases where the subject-matter is within the jurisdiction of the court. Now I don't think that section 4918 is intended to change the practice so far as to permit this court, by the issuing of a notice of this character or any other process, to bring before it citizens from any and every part of the United States, to have their rights adjudicated here. On the contrary, I think the section clearly contemplates that the ordinary course of equity proceedings shall be pursued, and that in many cases it will occur that only part of the persons interested will be brought before the court; for it provides, as you will observe, for a judgment which "may declare either of the patents void in whole or in part, or inoperative, or invalid in any particular part of the United States, according to the interest of the parties in the patent or the invention patented;" and further provides that "no such judgment or adjudication shall affect the right of any person, except the parties to the suit and those deriving title under them subsequent to the rendition of such judgment."

Now, the consequence of giving the statute the construction contended by counsel for the complainant would, it seems to us, be very serious. This is a case of interference. The owner of a patent, residing in Maine, may, according to the construction contended for, file his bill, and by issuing notice upon his own motion, and having it served, bring before the court in that state parties residing in California.

The parties interested in patents are often very numerous; they may be found in every state of the Union, and may be, by such a proceeding as this, brought to any particular place where a complainant may see fit to file his bill, if the construction claimed is sustained. We adhere to our former

ruling; but as the question is important I am glad that counsel has presented it again, so that it may be reviewed, in case the supreme court is called to pass upon the matter.

The motion is sustained.

TREAT, J., concurred.