EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* LUIS BARBOSA, acusado y apelante.

No. 2342.—*Visto:* Marzo 18, 1925.   *Resuelto:* Abril 8, 1925.

1. DERECHO PENAL—SOBRESEIMIENTO Y DERECHO A FORMULAR NUEVA ACUSACIÓN.—Sobreseída una acusación en un caso *felony,* puede formularse nueva acusación sin necesidad de una orden de la corte a ese efecto.

2. DERECHO PENAL — EVIDENCIA — *Res Gestae* — ACTOS Y MANIFESTACIONES DEL ACUSADO.—En un proceso por seducción es admisible evidencia demostrativa de que el acusado atendió a la seducida cuando ésta dió a luz su hijo.

3. DERECHO PENAL—JUICIO—TESTIGOS.—Un testigo que no declaró ante el Gran Jurado puede sin embargo ser llamado y declarar a favor del gobierno al celebrarse el juicio.

SENTENCIA de *Charles E. Foote,* J. (Primer Distrito, San Juan), condenando al acusado por delito de seducción.   *Confirmada.*

*M. Gaetán Barbosa* y *Román Díaz Collazo,* abogados del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Para solicitar la revocación de la sentencia apelada por virtud de la cual el acusado fué condenado a sufrir dos años de presidio como autor de un delito de seducción, se señalan cuatro errores.

[1] El primero se refiere a cierta moción de sobreseimiento. La resolución de la corte no se transcribe. Sólo aparece la moción del acusado y la impugnación del fiscal. Siendo ello así, podría prescindirse del examen del error porque si bien el hecho de haber continuado la causa parece implicar que la moción fué desestimada, la cuestión pudo dejarse de someter finalmente a la resolución del tribunal.

Entrando, sin embargo, en los méritos del error, estimamos que no se ha cometido. Presentada acusación, fué sobreseída a instancias del acusado el 23 de agosto de 1922 por haber transcurrido más de ciento veinte días sin sometérsele a juicio. Artículo 448, núm. 2, del Código de Enjuiciamiento Criminal. Formulada una nueva acusación, fué leída el 6 de junio de 1923, y el acusado pidió el sobreseimiento porque no habiendo la corte ordenado al sobreseer primeramente la causa que se formulara una nueva acusa-

ción, el fiscal no estaba autorizado para hacerlo, y porque habiendo transcurrido doscientos ochenta y tres días entre la primera orden de sobreseimiento y la lectura de la nueva acusación, se había infringido el artículo 148 del Código de Enjuiciamiento Criminal.

Examinado el capítulo VI del título XI del Código de Enjuiciamiento Criminal que trata del sobreseimiento, se encuentra que todo lo que en él se dispone en relación con nuevas acusaciones está contenido en el artículo 452 que dice: "Un auto para el sobreseimiento de una causa, según lo prescrito en este capítulo, imposibilita la formación de otro proceso por el mismo delito, si éste es un 'misdemeanor' (delito menos grave); pero no así cuando el delito es un 'felony' (delito muy grave)."

La ley no exije la orden de la Corte.  Tratándose como se trata en este caso de un *"felony,"* lo único que se requiere es que la acción se ejercite dentro del término fijado en el artículo 78 del Código Penal.

El artículo 148 del Código de Enjuiciamiento Criminal invocado por el apelante, no es de aplicación.  No se refiere a casos de sobreseimiento sino a casos de desestimación de acusación en que la Corte ordena que se formule una nueva acusación y el acusado queda preso o libre bajo la garantía de una fianza.

[2] El segundo error se atribuye a la Corte al permitir que un testigo contestara cierta pregunta que se le hiciera sobre si el acusado había atendido a la seducida cuando ésta dió a luz su hijo.  El error no existe.  Como sostuvo la corte de distrito, la pregunta guarda relación con el acto carnal que es uno de los elementos del delito que se investigaba.

[3] El tercer error levanta la cuestión que· sigue: "Al acusado se le sirvió una acusación del Gran Jurado.  En cumplimiento de la ley al respaldo de ella se puso el nombre de los testigos y en la relación no aparecía el del testigo Anastasio Castro que fué admitido a declarar no obstante la oposición del acusado."

La sección 52, inciso 4, de la Ley No. 58 de 1919 (Leyes de 1919, p. 319), estableciendo el Gran Jurado, que invoca el apelante, dice: "La acusación será sobreseída por el tribunal mediante moción del acusado presentada al leérsele la acusación, en cualquiera de los casos siguientes: . . . . 4.— Cuando los nombres de los testigos examinados por el Gran. Jurado o cuyas declaraciones se hubieran leído ante dicho jurado no fueren insertados al pie de la acusación o al dorso de la misma."

La sección se refiere al acto de la lectura de la acusación, no al de la celebración del juicio.   El propio acusado reconoce que la acusación contenía los nombres de los testigos examinados ante el Gran Jurado.. La ley fué, pues, cumplida.   Y nada en ella se opone a la presentación en el acto de la vista de un testigo que no hubiera sido examinado por el Gran Jurado con las debidas garantías por supuesto para el acusado.

El cuarto y último error se refiere a la apreciación de la prueba.   La hemos examinado cuidadosamente y a nuestro juicio sostiene la acusación.

*Debe confirmarse la sentencia recurrida.*