JUAN VELÁZQUEZ, JUAN CÁDIZ, ATANASIO CRUZ Y JUAN MON-
SERRATE, peticionarios, *v.* LA CORTE DE DISTRITO DE HU-
MACAO, Hon. Gabriel Castejón, Juez, demandado.

No. 508.—*Visto:* Febrero 19, 1926. *Resuelto:* Abril 28, 1926.

1. DERECHO PENAL — LECTURA DE ACUSACIÓN (*Arraignment*) Y ALEGACIONES
(*Pleas*), *Nolle Prosequi* Y SOBRESEIMIENTO—SOBRESEIMIENTO DEL PROCESO—
FACULTAD PARA SOBRESEER, EN QUIÉN RADICA.—Un fiscal de distrito no tiene

facultad para sobreseer voluntariamente un proceso; la concesión de esa facultad por ley en la corte es una exclusión de poder en algún otro funcionario.

2. DERECHO PENAL — LECTURA DE ACUSACIÓN (*Arraignment*) Y ALEGACIONES (*Pleas*), *Nolle Prosequi* Y SOBRESEIMIENTO—RADICACIÓN DE UN *Nolle Prosequi*—RADICACIÓN POR EL FISCAL DE DISTRITO.—Mientras un proceso no sea sobreseído por la corte el mismo está pendiente, y la acción del fiscal de distrito en tratar de radicar un *nolle prosequi* es nula y sin ningún valor.

CERTIORARI para revisar resolución de *Gabriel Castejón,* J. (Humacao), sancionando actuación del fiscal del distrito sobreseyendo y archivando voluntariamente un proceso en fiscalía.  *Anulada.*

*F. Cervoni Gely,* abogado de los peticionarios; *José E. Figueras,* abogado del demandado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Juan Velázquez, Juan Cádiz, Atanasio Cruz y Juan Monserrate han presentado a esta corte una petición de *certiorari,* número 508.  El día 14 de diciembre de 1925 uno de los actuales peticionarios llamado Juan Monserrate, solicitó de la Corte de Distrito de Humacao que decretara una orden de sobreseimiento de conformidad con el artículo 448 del Código de Enjuiciamiento Criminal toda vez que no se había presentado la debida acusación contra él.  La corte declaró sin lugar la moción y Juan Monserrate acudió a esta corte en solicitud de un auto de *certiorari,* número 503. Mientras este *certiorari* se encontraba pendiente los peticionarios incluyendo a Juan Monserrate fueron citados por la corte para contestar una acusación.  Todos los peticionarios pidieron el sobreseimiento por virtud del artículo 448 toda vez que no se había celebrado un juicio dentro de 120 días.  En la vista apareció que el fiscal el día 12 de enero de 1926 sobreseyó los anteriores procedimientos y el 13 de enero de 1926 presentó una nueva acusación.  La corte desestimó la moción y los acusados presentaron la petición de *certiorari* número 508.

Hemos tenido algunas dudas respecto de si el fiscal podía presentar una nueva acusación sin exonerar a los acusados, pero o dichos acusados renunciaron a esa cuestión o

volvieron a ser arrestados. La única cuestión levantada en el presente recurso de *certiorari* es si el fiscal tenía facultad para sobreseer voluntariamente un proceso y comenzar uno nuevo, y por consiguiente si la corte debió haber concedido la moción de sobreseimiento.

Cuando un gran jurado presenta un cargo (*indictment*) contra una persona carece de facultad para retirar el cargo presentado. Al aprobarse el Código de Enjuiciamiento Criminal en Puerto Rico el fiscal ejercía las funciones que luego pasaron al gran jurado y esto también sucede ahora. En la ley común y de acuerdo con la práctica federal un fiscal tiene facultad para sobreseer un proceso conocido por un *"nolle prosequi,"* U.S. v. *Merrit et al.,* 1 Fed. 203, opinión interesante del Juez Holt; 16 C.J. 432 *et seq.,* 35 L.R.A. 701, caso y notas, y esta facultad existe generalmente donde no hay estatuto. En Puerto Rico tenemos un precepto de ley que dice lo siguiente:

"Artículo 451.—El tribunal, ya por su propio acuerdo o ya a petición del fiscal y en pro de la justicia, puede decretar el sobreseimiento de una causa o de una acusación. Las causas del sobreseimiento deben exponerse en el auto que al efecto se dicte, el cual se insertará en el acta del proceso."

Otros artículos del Código de Enjuiciamiento Criminal tienden a mostrar que en general es la corte la que tiene el control de los sobreseimientos y nuevos procesos. Artículos 148, 157, 158, 159 y 308 del Código de Enjuiciamiento Criminal.

De acuerdo con el artículo 145 el acusado puede pedir que se desestime una acusación entre otros motivos por no estar firmada y jurada por el fiscal, y según el artículo 148 es la corte la que dispone que se formule una acusación. De conformidad con los artículos 157 y 158 después de una excepción perentoria, el acusado debe ser puesto en libertad a menos que la corte ordene o permita la presentación de una nueva acusación. Después de declarada con lugar una

moción sobre suspensión de la sentencia es la corte la que debe ordenar una nueva o diferente acusación. Art. 308. Y según el artículo 99 del propio código después de oir las declaraciones de los testigos el fiscal recomienda que el acusado sea puesto en libertad.

[1, 2] La sección 136, 7 Jurisprudencia de California, página 1001, dice lo siguiente:

"El Código Penal designa los casos en los cuales y los procedimientos por los que un proceso puede ser sobreseído y puesto en libertad el acusado sin la celebración de un juicio, y debe entenderse que excluye todos los demás casos en los cuales tal sobreseimiento puede ser ordenado. El Código exige un sobreseimiento, a menos que se demuestre una buena razón en contrario para la demora en archivar un cargo o acusación o en traer a un acusado a juicio, y prescribe además lo siguiente:

" 'La corte puede, bien a moción propia o a solicitud del fiscal del distrito, y en pro de la justicia, ordenar el sobreseimiento de una acción, o acusación. La razón del sobreseimiento debe ser mostrada en una resolución registrada en las minutas.

" 'El registro de un "nolle prosequi" está abolido, y ni el attorney general ni el fiscal de distrito puede suspender o abandonar un proceso por un delito público excepto en la forma dispuesta en la última sección.'

"La legislatura no ha tratado de definir la expresión 'en pro de la justicia,' empleada en la sección 1385 del Código Penal, y por tanto se deja a la discreción judicial que se ejercita teniendo en cuenta los derechos constitucionales del acusado y los intereses de la sociedad que determine cuáles son los fundamentos particulares para ordenar un sobreseimiento. La corte puede, por ejemplo, conceder un sobreseimiento debido a los defectos en el cargo (indictment) o acusación, o por la negativa de un fiscal de distrito a proporcionar al acusado un pliego de particulares. Pero el mero hecho de que la suspensión de un proceso agotara al tesoro del condado no autoriza un sobreseimiento. Ni tampoco está obligada la corte a sobreseer un proceso simplemente porque ha sido solicitado por el fiscal del distrito."

El fiscal de esta corte expresa que el párrafo que prohibe el registro de un *"nolle prosequi"* no ha sido transcrito en nuestro código, que no hay ningún precepto que

prohiba tal registro en Puerto Rico. Los peticionarios contestan diciendo que no existe autoridad alguna para ello. Igual a lo que dice el comentarista en la jurisprudencia de California refiriéndose al momento en que una causa puede ser sobreseída, creemos que la concesión de la facultad para sobreseer en la corte es una exclusión de poder en algún otro funcionario. Véase también 14 Jurisprudencia de California, página 75, sección 58.

Las razones para el sobreseimiento deben expresarse en una resolución registrada en las minutas. Las minutas de la corte deben mostrar el sobreseimiento. El fiscal no tiene minutas. Si la Legislatura de Puerto Rico no aludió a la supresión del "nolle prosequi" en Puerto Rico probablemente fué debido a que aquel sistema de sobreseimientos no había existido nunca aquí.

Si un fiscal para sobreseer un caso tiene que comparecer ante la corte solemnemente para alegar sus razones, un ciudadano no será molestado con procesos frecuentes para evadir el efecto de la sección 448, como sucede, según parece, en el caso ante nos. Si se alegara que en casos de delitos graves (*felonies*), el fiscal tiene todavía el derecho de empezar de nuevo después de un sobreseimiento, sin embargo, el acusado temporalmente está libre, sus fiadores han sido relevados de su obligación si él está bajo fianza, y es al fiscal de distrito al que se urge que acelere el juicio. En muchos casos el fiscal de distrito puede estar convencido de que el acusado es inocente o que un proceso sería inútil.

Como alegan los peticionarios no fué la intención de la legislatura que los procesos deban quedar pendientes a voluntad del fiscal sino que la corte debe tener la debida intervención. El fiscal sólo recomienda que el acusado sea puesto en libertad.

Bajo estas circunstancias, estando convencidos de que la facultad para sobreseer un proceso sólo la tiene la corte, la *acusación debe ser anulada y los prisioneros puestos en libertad en lo que concierne a la nueva acusación. El efecto*

*de esta resolución es dejar intactos los anteriores procedi-*
*mientos.*