HERIBERTO GARCÍA DE QUEVEDO, peticionario, *v.* CORTE DE DISTRITO DE BAYAMÓN, HON. F. GALLARDO DÍAZ, JUEZ, demandada.

Núm 1716.—*Sometido:* Diciembre 3, 1947. *Resuelto:* Enero 13, 1948.

---

*Félix Ochoteco, Jr.* y *L. E. Dubón,* abogados del peticionario; *Hon. Procurador General Luis Negrón Fernández,* y *J. Rivera Barreras, Fiscal del Tribunal Supremo,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

El 21 de noviembre de 1946 el fiscal radicó dos acusaciones ante la corte de distrito imputándole al peticionario haber presentado como Auditor Municipal de Cataño al Tesorero Municipal, comprobantes falsos y fraudulentos en violación del artículo 87 del Código Penal. El 27 de febrero

de 1947 se llamaron los casos para juicio, constituyéndose el jurado. Sin embargo, la corte de distrito ordenó la disolución del jurado y la desestimación de las acusaciones por el fundamento de que las manifestaciones contenidas en éstas al efecto de que los comprobantes eran falsos y fraudulentos constituían meras conclusiones sin que existieran alegaciones de hecho para sostenerlas.

El 30 de abril de 1947 el fiscal de distrito radicó dos nuevas acusaciones contra el peticionario que envolvían los mismos comprobantes, exponiendo en detalle los hechos en cuanto a su naturaleza falsa y fraudulenta. El peticionario entonces solicitó el sobreseimiento de las acusaciones por el motivo de que una vez que se declara con lugar la excepción perentoria, no procede la radicación de una nueva acusación a menos que la corte así lo ordene, cosa que no se hizo en este caso.

La corte inferior declaró sin lugar esta moción diciendo en parte que " . . . siendo éste un caso en que no prescribe el delito por ser uno contra el erario público, es de justicia dictar como por la presente dicta una orden cuyos efectos se retrotraigan al día en que dictó la resolución ordenando el archivo del caso por falta de causa de acción concediéndole permiso al fiscal para radicar nueva acusación." El caso se encuentra ante nos en solicitud de *certiorari* para revisar esta actuación de la corte de distrito.

El artículo 157 del Código de Enjuiciamiento Criminal dispone que si se declara con lugar la excepción perentoria contra una acusación, la sentencia será definitiva y será un impedimento para la radicación de otra acusación por el mismo delito, a no ser que la corte ordenare que se radique una nueva acusación. Suponiendo, sin decidirlo, que tal orden pueda dictarse *nunc pro tunc*, la que se dictó en este caso no cumplió con los requisitos del artículo 157. El estatuto exige específicamente que la corte ordene, y no que permita, al fiscal que radique una nueva acusación. La teoría es que la corte debe ejercitar su propio criterio, y no

dejar la cuestión de si se radica o no una nueva acusación a la discreción del fiscal. Por tanto, la resolución debe contener un lenguaje mandatorio más bien que permisivo.

Expusimos la doctrina correcta cuando dijimos en un *dictum* en el caso de *Pueblo* v. *González,* 39 D.P.R. 380, 383, que ". . . el permiso para nueva acusación, no es la orden para que se presente, y que el juez debió seguir el lenguaje del estatuto . . . y ordenar la acusación." Como en este caso las nuevas acusaciones se radicaron sin que la corte de distrito así lo ordenara, ésta cometió error al declarar sin lugar la moción para que se sobreseyeran las acusaciones por ese motivo. *Ex Parte Williams,* 48 P. 499 (Calif., 1897); *Ex Parte Hayter,* 116 P. 370 (Calif., 1911); *State* v. *Crook,* 51 P. 1091 (Utah, 1898); véase *Pueblo* v. *Canals,* 48 D.P.R. 794.(1)

El artículo 158 dispone que la corte puede permitir que se modifique la acusación. Esto contrasta con el requisito del artículo 157 de que se radicará una nueva acusación solamente mediante orden de la corte. El Fiscal de este Tribunal arguye que aquí la actuación de la corte inferior constituyó el permiso para enmendar las acusaciones originales a tenor con el artículo 158 y que las nuevas acusaciones eran en efecto enmiendas a las anteriores radicadas de acuerdo con el permiso concedido por la corte.

No podemos convenir con esta contención. Hay una clara diferencia entre enmendar una acusación y radicar una nueva. Resolver que el artículo 158, que sólo exige el permiso para modificar una acusación, se aplica a una nueva acusación, sería destruir el requisito del artículo 157 al efecto de que debe ordenarse y no permitirse una nueva acusación. Este último requisito no puede eliminarse del estatuto en esta forma.

---

(1)En el caso de *Velázquez et al.* v. *Corte,* 35 D.P.R. 362, 364, este Tribunal dijo en un *dictum* que "De conformidad con los artículos 157 y 158 después de una excepción perentoria, el acusado debe ser puesto en libertad a menos que la corte ordene o permita la presentación de una nueva acusación." Esto fué erróneo. La corte debe ordenar, no permitir, la nueva acusación.

Sin embargo, el hecho de que la resolución de la corte inferior aquí envuelta era defectuosa, no impide que se dicte otra ordenando la radicación de una nueva acusación, de ser posible su radicación dentro del término prescriptivo. Y el peticionario admite que este caso cae dentro del artículo 77 del Código Penal que dispone que no hay término prescriptivo para iniciar la acción penal por los delitos en él enumerados.(²)

■ Conocemos los casos que emplean lenguaje indicativo de que la resolución ordenando que se radique una nueva acusación debe ser coetánea con la orden declarando con lugar la excepción perentoria. *State* v. *Waldrop*, 158 P.2d 368 (Okla., 1945); *Ex Parte Hayter;* supra. También nos damos cuenta de que ninguno de los casos expresamente deja abierta la puerta para que se radique una nueva acusación en alguna fecha futura. Véase, v.g., *People* v. *Seitz*, 279 P. 1070 (Calif., 1929). Sin embargo, no hemos encontrado un solo caso que resuelva específicamente que el artículo 157 impide la radicación de una nueva acusación algún tiempo después pero dentro del período prescriptivo. Y el artículo 149, que dispone que "la orden desestimando una acusación, según lo dispuesto en este capítulo, no impide el que después se persiga el mismo delito," no contiene requisito alguno de que la resolución de la corte ordenando se radique una nueva acusación debe dictarse coetáneamente con la resolución declarando con lugar la excepción perentoria o dentro de algún período específico después de que se dicte tal resolución.

No obstante, el artículo 159 dispone que si la corte en virtud del artículo 157 ordena que se radique una nueva acusación, deberá seguirse el procedimiento prescrito por los artículos 147 y 148. Este último dispone como sigue:

---

(²)Aun cuando hace esta concesión, el peticionario no obstante alega que una vez que empieza el proceso contemplado por el artículo 77, las disposiciones de los artículos 157 y 148 entran en juego. Sin embargo, según decimos en el cuerpo de esta opinión, los artículos 157 y 148 no impiden una nueva resolución ordenando que se formule nueva acusación si esta no está prescrita.

"Si el tribunal dispusiere que se formule nueva acusación, y se hallare bajo custodia el acusado, deberá éste continuar preso, a no ser que se le admitiere fianza; si ya hubiere prestado fianza personal o pecuniaria para responder de su comparecencia a contestar la nueva acusación, *y dentro de los quince días no se presentare ésta,* deberá el tribunal disponer que se le absuelva, a no ser que por razón especial extendiera el plazo dentro del cual haya de presentarse la acusación." (Bastardillas nuestras.)

No interpretamos el artículo 148 como que significa que la corte no tiene jurisdicción para ordenar que se formule nueva acusación a menos que la orden a ese efecto se dicte dentro de quince días desde la fecha de la resolución declarando con lugar la excepción perentoria. El caso de *Medina* v. *Géigel,* 44 D.P.R. 548, no es estrictamente de aplicación. La cuestión allí envuelta era si la acusación debía radicarse dentro de quince días desde la fecha de la resolución ordenando que la misma fuera radicada, más bien que, como en este caso, si tal resolución puede dictarse por la corte por primera vez meses después de haber ésta declarado con lugar una excepción perentoria a la acusación. Sin embargo, nuestro lenguaje en dicho caso es significativo al demostrar el espíritu en que deben interpretarse los artículos 157 y 148. Dijimos a la página 549:

"Es obvio que si no se ha radicado una nueva acusación dentro del período estatutario, la corte sentenciadora, aun después de expirado dicho período, puede prorrogar el término para el archivo de tal acusación. *A fortiori,* si se ha radicado la nueva acusación antes de que el acusado solicite su exoneración, dentro de un tiempo razonable, mas no dentro del período estatutario, el juez sentenciador, en ejercicio de una sana discreción y ante la debida justificación del fiscal, puede negarse a exonerar al acusado. En tal caso no hay necesidad de que se haga una extensión formal del período que prescribe el estatuto. La cuestión es si bajo las circunstancias la demora era excusable. Si lo era, y si el juez por esta razón se niega a exonerar al acusado, tal negativa equivale a una orden *nunc pro tunc* prorrogando el término. El mero hecho de que no se dictara

orden alguna prorrogando expresamente el término para el archivo de una nueva acusación no da derecho al acusado a que se le expida un auto de hábeas corpus.''(³)

Al resolver en este caso que una corte de distrito puede ordenar que se formule nueva acusación a tenor con el artículo 157 siempre y cuando que ésta se radique dentro del término prescriptivo, no estamos invocando el artículo 452 del Código de Enjuiciamiento Criminal.(⁴) Es cierto que bajo el artículo 452 el fiscal puede radicar nueva acusación que envuelva un *felony,* sin orden de la corte. Pero el artículo 452 se aplica solamente a sobreseimientos bajo el Capítulo VI del Título XI del Código de Enjuiciamiento Criminal. *Pueblo* v. *Barbosa,* 34 D.P.R. 112; *Pueblo* v. *Rivera, alias Panchito,* 7 D.P.R. 332, 340; *Pueblo* v. *Cepeda,* 31 D.P.R. 489; *Falero* v. *Corte de Distrito,* 39 D.P.R. 472. En este caso la desestimación no se hizo bajo el Capítulo VI sino bajo el artículo 157. Éste dispone que debe existir una resolución ordenando que se formule nueva acusación; y el artículo 148 se aplica a tal resolución. Pero la resolución, como hemos visto, puede dictarse y la nueva acusación radicarse, si la demora es excusable, antes de que expire el término prescriptivo.

El peticionario también se queja de la actuación de la corte de distrito desestimando su moción que levantaba la defensa de exposición anterior. Admite que esta defensa en el sentido ordinario no procede aquí. Pero alega que ha sido puesto en ''*jeopardy*'' estatutario.

Indudablemente bajo el artículo 157, si la corte declara con lugar una excepción perentoria interpuesta contra la acusación y no ordena la formulación de una nueva, ''de los propios términos del estatuto surge un impedimento para

---

(³)Al mismo efecto, *Ex parte Torres,* 4 D.P.R. 303, 307 (2ª. ed.)..

(⁴)Dicho artículo dispone que ''Un auto para el sobreseimiento de una causa, *según lo prescrito en este capítulo,* imposibilita la formación de otro proceso por el mismo delito, si éste es un '*misdemeanor*' (delito menos grave); pero no así cuando el delito es un '*felony*' (delito muy grave).'' (Bastardillas nuestras.)

una nueva acusación, el que muy bien podría denominarse impedimento estatutario o *'jeopardy'* estatutario a diferencia del *'jeopardy'* del derecho común." 7 Cal. Jur. 950. Pero aquí la cuestión es precisamente si la corte inferior ha dictado, o puede dictar en el futuro, una resolución ordenando que se formule nueva acusación. Y resolvemos, siempre y cuando que la demora sea excusable, que puede dictarse dicha resolución en cualquier momento antes de que expire el término prescriptivo. *Cf. People* v. *Lucas,* 248 P. 691 (Calif., 1926).

*La resolución concediendo permiso al fiscal para radicar nuevas acusaciones será anulada y se devolverá el caso con instrucciones a la corte de distrito de que determine si debe dictarse una nueva resolución ordenando, no meramente permitiendo, la radicación de nuevas acusaciones.*