EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* OSVALDO COMAS PLAZOLA, acusado y apelante.

Número 15425.

*Sometido:* 1 de octubre de 1953. *Resuelto:* 9 de octubre de 1953.

*E. Alcaraz Casablanca,* abogado del apelante; *Hon. Secretario de Justicia Interino Juan B. Fernández Badillo y Jaime García Blanco, Fiscal Especial, Tribunal Supremo,* abogados de El Pueblo, apelado.

El Juez Asociado Señor Sifre emitió la opinión del tribunal.

El apelante fué sentenciado por el Tribunal Superior de Puerto Rico, Sala de Mayagüez, a la pena de tres meses de cárcel por infracción a la sección 77 de la Ley de Espíritus y Bebidas Alcohólicas de Puerto Rico.[1]

Solicita que revoquemos la sentencia, sosteniendo que erró dicho tribunal, *primero,* al desestimar una moción pidiendo el archivo y sobreseimiento de la acusación, *segundo,* al interpretar la prueba, y al condenarle "con la sola declaración de un testigo que no merece entero crédito".

Daremos nuestra atención al primero de los errores señalados. El apelante fué detenido en 2 de mayo de 1952,[2] presentándose acusación en su contra en 16 de junio de dicho año. La acusación fué objeto de una excepción perentoria por "no aducir hechos constitutivos de causa de acción", solicitando el apelante el archivo definitivo de la causa. En 11 de agosto de 1952 el tribunal a quo la declaró con lugar, ordenando al fiscal a presentar "nueva acusación enmendada en el término de 10 días", a partir de la citada

---

[1] El apelante había sido sentenciado anteriormente a pagar una multa por otra violación de la misma ley.

El artículo 77 de la Ley de Espíritus y Bebidas Alcohólicas, provee como sigue; en parte:

"Artículo 77.—Toda persona que tenga en su poder o a su disposición en cualquier sitio, productos sujetos a impuestos, por esta Ley, sobre los cuales no se haya pagado el impuesto, con excepción de aquellas personas debidamente autorizadas por esta Ley, será culpable de un delito menos grave (misdemeanor), y convicta que fuere será castigada como se expresa a continuación:

. . . . . . . ."

[2] Se dice en el alegato del apelante que prestó fianza para obtener su libertad provisional.

fecha. Dicha acusación fué presentada cuatro días después, o sea el 15 de agosto, radicando el apelante moción solicitando el archivo y sobreseimiento de la misma, en virtud de las disposiciones del inciso 1 del artículo 448 del Código de Enjuiciamiento Criminal, ed. 1935,(3) alegando que la acusación había sido radicada después de haber transcurrido sesenta días desde que el apelante fué detenido.(4) El tribunal a quo la declaró sin lugar y de ello, como hemos visto, se queja el apelante.

Somos de opinión que dicho tribunal no incurrió en el error que se le atribuye por haber actuado de ese modo.

Declarada con lugar una excepción perentoria presentada contra la acusación original, el tribunal a quo puede ordenar, como lo hizo en el caso de autos, que el fiscal presente nueva acusación,(5) artículo 157 del Código de Enjuiciamiento Criminal, ed. 1935;(6) *Pueblo* v. *Muñoz*, 57 D.P.R. 218; *Pueblo* v. *Calero*, 68 D.P.R. 316; *García* v. *Corte*,

---

(3) El artículo 448 del Código de Enjuiciamiento Criminal, ed. 1935, lee como sigue:

"Artículo 448: A menos que exista justa causa contraria, el tribunal decretará el sobreseimiento del proceso en los casos siguientes:

"1. Cuando una persona haya sido detenida para responder por la comisión de un delito público, siempre que no se haya presentado acusación contra ella en el término de sesenta días desde su detención.

"2. Cuando un acusado, cuyo juicio no haya sido transferido a petición suya, no sea sometido a juicio en el término de ciento veinte días, a contar desde la presentación de la acusación."

(4) La primera acusación fué presentada antes de transcurrir los sesenta días, la segunda después de haber transcurrido.

(5) No tiene importancia que a la nueva acusación se hiciera referencia como "nueva acusación enmendada". *People* v. *Lee Look*, 76 Pac. 1028.

(6) El artículo 157 del Código de Enjuiciamiento Criminal, prescribe:

"Artículo 157: Si se admitiere la excepción, esto constituirá sentencia definitiva respecto a la acusación impugnada, y excluirá la formación de otro proceso por el mismo delito, a no ser que a juicio del tribunal, la objeción en cuya virtud fuere admitida la excepción perentoria, pudiera evitarse mediante nueva acusación, y ordenare la presentación de ésta; Disponiéndose, que después de la orden para una nueva acusación, podrá el reo ser examinado por un juez de paz, y puesto en libertad o reducido a prisión, como en los demás casos".

68 D.P.R. 22. (⁷)   No procede el archivo y sobreseimiento de la misma porque se radique después de haber transcurrido sesenta días desde la detención del procesado.   Las disposiciones del inciso 1 del citado artículo 448 del Código de Enjuiciamiento Criminal no se refieren a una nueva acusación presentada por orden del tribunal, como consecuencia de haberse declarado con lugar una excepción perentoria contra la primitiva acusación radicada a tiempo.   *People* v. *Holmes,* 109 Pac. 489 (Cal.) ;   *People* v. *Lee Look,* 76 Pac. 1028. (⁸)

■ Tampoco le asiste razón al apelante en cuanto al segundo señalamiento.   El tribunal sentenciador consideró y apreció la evidencia, dándole crédito a la declaración del testigo Waldestrudis Rivera, llegando a la conclusión que se había probado la culpabilidad del apelante.   Nada encontramos en los autos que justifique el que la alteremos.   *Pueblo* v. *Segarra,* 70 D.P.R. 484; *Pueblo* v. *Arteaga,* 70 D.P.R. 668; *Pueblo* v. *Rivera,* 71 D.P.R. 124; *Pueblo* v. *Ríos,* 71 D.P.R. 969.

*La sentencia deberá ser confirmada.*

El Juez Asociado Sr. Marrero no intervino.

---

(⁷) Esto es así, siempre que no haya prescrito el delito, cuestión que no está envuelta en el caso de autos.

(⁸) En cuanto al término para presentar la nueva acusación, véase, artículos 157 y 148 del Código de Enjuiciamiento Criminal, ed. 1935, y *García* v. *Corte,* supra.