EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* CÁNDIDA ROSA VEGA ROMÁN, acusada y apelante.

Número: CR-64-228    Resuelto: 30 de junio de 1965

*Celedonio Medín Lozada,* abogado de apelante; *J. B. Fernández Badillo, Procurador General,* y *Nilita Vientós Gastón, Procuradora General Auxiliar,* abogados de El Pueblo.

Sala integrada por el Juez Presidente Señor Negrón Fernández y los Jueces Asociados Señores Dávila y Ramírez Bages.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

La apelante fue acusada de hurto mayor. Los hechos que dieron margen a la acusación fueron los siguientes. La señora Mathews en compañía de su esposo, su cuñado y dos niños se dirigían a una playa en la jurisdicción de Mayagüez. Antes se detuvieron a comprar unos objetos en una ferretería sita en la Calle Méndez Vigo. Todos abandonaron el automóvil. La señora Mathews dejó dos carteras sobre el asiento trasero. El automóvil no fue cerrado. La acusada pasó junto al automóvil aparcado. Al regresar la señora Mathews al automóvil vio cerca a la acusada y su comportamiento le estuvo sospechoso. Al llegar al automóvil notó que las carteras habían desaparecido. Ya la acusada no estaba por los alrededores. Se dio cuenta a la policía. La señora Mathews describió a la persona que vio cerca del automóvil y de la cual sospechó. Informó que en una de las carteras tenía unas prendas, un reloj, el juego de matrimonio, una sortija, una pulsera y unas pantallas. Manifestó que valían $425. Dos semanas después la dueña de las prendas fue con un detective a una casa en la Barriada Buenos Aires de Mayagüez. Les recibió la misma persona que estaba junto al automóvil el día que se desaparecieron las carteras. Le requirieron que entregara las prendas. Informó que una amiga de nombre Noemí las tenía y que ella se las iba a pedir. Que por la tarde se las devolvería. Por la tarde se las devolvió en un sitio preconvenido, pero faltaba la pulsera. La prometió para el otro día y efectivamente la devolvió también. Fue acusada de hurto de mayor cuantía.

Lo que antecede es sustancialmente la prueba de cargo. La dueña de las prendas declaró en los términos antes relatados pero con más detalles. Manifestó que cuando la acusada la recibió estaba usando el juego de anillos de matrimonio

y cuando le vio entró a una habitación y las cambió por otras. Declaró además que el valor de las prendas era de $470.

La acusada no negó los hechos esenciales. Negó que las tomara del automóvil. Afirmó que las encontró cerca del vehículo. Que retuvo las prendas para devolverlas a su dueña cuando apareciera y que así lo hizo.

El jurado la declaró culpable de hurto de mayor cuantía mediante un veredicto de diez a dos. El juez le impuso de tres a siete años de presidio.

Dos de los errores apuntados presentan una seria cuestión que va a la entraña misma del juicio justo e imparcial, piedra angular de la libertad individual.

La acusada declaró en los términos que antes expusimos. Al finalizar su declaración su abogado le pregunta si ha cometido algún hurto en su vida. Contesta en la negativa y se da por terminado el interrogatorio directo. Comienza el fiscal su repregunta y se desarrolla lo siguiente:

"HON. FISCAL:

P—La última pregunta fue si no había cometido ningún hurto en su vida. Señora, ¿cuánto pesa usted ahora?

R—Hace días que no me peso.

P—Más o menos.

"LIC. PALES:

Eso no ha sido objeto del interrogatorio.

"HON. JUEZ:

¿Cual es la materialidad?

"HON. FISCAL:

Es pregunta preparatoria. Le prometo al Tribunal que es material.

Testigo:

Como noventa y seis libras.

"HON. JUEZ:

Se permite la pregunta.

"LIC. PALES:

¿Si resultare que no son preparatorias?

"HON. JUEZ:

Se ordena que se eliminara.

680

"Hon. Fiscal:

Le digo al Tribunal que es procedente. No voy a jurar una cosa como profesional y como fiscal . . . .

"Hon. Juez:

Dijo que como noventa y seis libras.

"Hon. Fiscal:

P—¿cuánto?

R—Ustedes pueden calcular.

P—Ese peso que usted tiene, ¿lo tiene hace cuánto tiempo?

R—Siempre he sido así de delgada.

P—De gorda. ¿Usted siempre en los últimos veinte años se ha mantenido en el mismo peso?

R—Sí.

P—¿Y usted ahora dice que usted no hurtó esas prendas? ¿Verdad quo no?

R—No (con la cabeza).

P—Dígalo con la boca.

R—Bueno, sí.

"Hon. Fiscal:

P—¿Porque su esposo le da a usted todo no tiene necesidad de hurtar?

R—Sí, señor.

P—¿Su esposo la alimenta a usted bien?

R—Sí.

P—Cuando su esposo le regaló la sortija de compromiso ¿usted pesaba lo mismo que pesa ahora? ¿Estaba igual de delgada que ahora?

R—Yo siempre he sido así de delgada.

P—¿Y cuando le regaló el aro de matrimonio estaba igual?

R—Cuando me regaló el aro de matrimonio me quedaba grande.

"Lic. Pales:

Nos oponemos. Que se elimine.

"Hon. Juez:

Con lugar.

"Hon. Fiscal:

P—¿Y cuánto tiempo hace que tiene usted esta sortijita?

R—Bueno desde que yo me casé.

P—¿Cuánto tiempo hace?

R—Llevo de casada ocho años.

P—Usted, durante esos ocho años, usted le dice a las damas y caballeros del jurado que usted ha usado esas sortijas con un esparadrapo porque le quedaban grandes?

¿Qué dice? ¿Qué siempre ha usado esto con esparadrapo?

R—Seguro que sí.

P—¿Cuándo se la regaló no le dijo que la fuera a arreglar?

R—Como yo soy una persona no estoy con muchas pantallas ni de paseo, que si él no me lleva a salir no salgo . . . . Estoy en mi casa con mis tres hijos.

P—¿Terminó? Le pregunto ahora si no fue a medirse esa sortija cuando se la regaló su esposo.

"LIC. PALES:

No conteste. No vemos la pertinencia material. No vemos como se puede traer la cuestión de si se midió la sortija hace ocho años. Que no vemos la culminación de la preparación el hecho de que si se midió hace ocho años una sortija o no. Muy respetuosamente solicitamos del fiscal que corte esa clase de interrogatorio en lo que se refiere a si se midió o no se midió la sortija hace ocho años.

"HON. FISCAL:

El fiscal dijo que era preparatorio y el Tribunal dijo que era procedente. Ella dice que estas sortijas son de ella y el jurado va a determinar si son de ella. Que desde que las tiene le han quedado grandes.

"LIC. PALES:

Es argumentativa.

"HON. JUEZ:

Está explicando la materialidad. ¿Qué quiere, que se excluya al jurado?

"HON. FISCAL:

Retiro la pregunta. Ya el jurado oyó lo suficiente."

■ Entendemos que esta línea de preguntas perjudicó seriamente a la acusada. Fue altamente impropio del fiscal tratar de establecer que la acusada había cometido hurtos anteriormente en la forma en que trató de hacerlo con el anterior interrogatorio. Evidentemente fue perjudicial a la acusada la manifestación del fiscal refiriéndose a las sortijas

que usaba durante el juicio y que no eran las del objeto del hurto, al efecto de que "Ella dice que estas sortijas son de ella y el jurado va a determinar si son de ella. Que desde que las tiene le han quedado grandes". A ella no se le acusaba de haber hurtado las sortijas que usaba. Se injertó en el procedimiento algo ajeno al mismo en forma impropia; que la acusada había cometido hurtos con anterioridad. Que el fiscal sabía que esa manifestación beneficiaba su caso lo demuestra su comentario cuando surge la oposición de la defensa: "Retiro la pregunta. Ya el jurado oyó lo suficiente".

Este incidente ciertamente perjudicó a la acusada si tenemos en consideración que su defensa consistió en establecer que ella se había encontrado las prendas y que las había guardado para entregarlas cuando apareciera su dueña. Para establecer la veracidad de su posición la acusada recalcó que ella no había dispuesto de las prendas en forma alguna y que efectivamente las tenía en su posesión cuando la dueña acompañada del detective fue a su casa a procurarlas. Evidentemente perjudicaba a la acusada el que se tratara de demostrar que ella había cometido delitos de hurto en anteriores ocasiones. Máxime cuando la forma en que el ministerio público trató de establecerlo es contraria a la ley. El fiscal debe presentar su caso ajustándose a las normas establecidas que garantizan un juicio imparcial y justo. La acusada en el presente caso no tuvo ese juicio.

En una declaración prestada el mismo día que la acusada entregó las prendas admitió que había tomado la cartera donde estaban guardadas del automóvil. En otras palabras admitió la comisión del delito que se le imputó. Cuando declaró en el juicio afirmó que se había encontrado la cartera debajo del automóvil. Para impugnar esa manifestación el fiscal presentó la declaración prestada cuando se investigó el caso. Le fue leída al jurado y cuando éste fue a deliberar la llevó consigo.

■ En *Pueblo* v. *Ramos Cruz*, 84 D.P.R. 563 (1962) ratificado en *Pueblo* v. *Cruz Jiménez*, 87 D.P.R. 133 (1963), expresamos que de ordinario permitir que vaya la confesión al jurado en violación de lo dispuesto en el Art. 274 del Código de Enjuiciamiento Criminal (similar a la Regla 140 de las de Procedimiento Criminal de 1963) conlleva la revocación de la sentencia y la concesión de un nuevo juicio. Al reafirmar lo estatutariamente establecido, no reconocimos la excepción que invocó el juez de instancia para permitir que la declaración de la acusada fuera al jurado. El juez expresó que la declaración se admitía con el solo propósito de impugnar lo manifestado en el juicio por la acusada y que por eso el jurado la tendría ante sí durante las deliberaciones. Pero lo cierto es que el fiscal podía impugnar la declaración de la acusada leyéndole al jurado la declaración escrita anterior.

Ciertamente no puede tomarse como pretexto el propósito de impugnar para no cumplir con la Regla 140, ni con nuestro dictamen en *Ramos Cruz*. En casos de impugnación todavía está presente la razón de la regla "[E]s injusto para el acusado que el jurado tenga ante sí un documento escrito que puede leer y releer cuantas veces le plazca en el cual el acusado admite la comisión del delito que se le imputa mientras que de la prueba desfilada en el juicio en su defensa el jurado sólo tiene el recuerdo de lo que declararon los testigos y normalmente tiene más fuerza el documento escrito que se tiene ante la vista, que el recuerdo de un testimonio oral". *Ramos Cruz*, pág. 571.

*Procede por lo expuesto revocar la sentencia apelada y conceder un nuevo juicio.*