Opinión disidente emitida por el
Juez Asociado Señor Mar-tínez Torres,
a la cual se une la Jueza Asociada Señora Pabón Charneco.
No puedo suscribir la opinión rígida que emite el Tribunal en el día de hoy. Por un lado, la opinión resuelve con honestidad intelectual que el contenido de la relación de *643 hechos alegados en la acusación en controversia es rele-vante, necesario y no inflamatorio. Opinión del Tribunal, págs. 630-634. Sin embargo, a renglón seguido, la Opinión del Tribunal, pág. 637, concluye que una acusación no se debe redactar en primera persona gramatical porque “la deliberación del jurado puede mancillarse con información de carácter testimonial que no fue considerada en el juicio, lacerando así los derechos constitucionales del acusado”. Es innecesario enmendar una acusación por el delito de maltrato mediante amenaza, Art. 3.3 de la Ley Núm. 54 de 15 de agosto de 1989, conocida como Ley para la Prevención e Intervención con la Violencia Doméstica, 8 L.P.R.A. sec. 632, porque se redactó en “primera persona gramatical” y no en “tercera persona gramatical” como ordena la Opinión del Tribunal, por primera vez en nuestra historia. Opinión del Tribunal, pág. 639. Al contrario, opino que el Ministerio Público brindó una relación de hechos completa en la acusación e imputó todos los elementos del delito. Fundamentándome en lo que señalo a continuación, disiento firmemente, pero con mucho respeto, de la opinión del Tribunal.
Los hechos de este caso se encuentran bien resumidos en la Opinión del Tribunal y no hace falta repetirlos en este disenso. Lo único que intereso recalcar es el texto de la acusación en controversia, que es el siguiente:
La referida acusada, MARIA B. VELEZ RODRIGUEZ, allá en o para el día 3 de MARZO de 2011, en Adjuntas, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Pri-mera Instancia, Sala Superior de Utuado, ilegal, voluntaria, maliciosa y criminalmente, amenazó con causarle daño deter-minado, a CANDIDO BERIO RODRIGUEZ, quien es su com-pañero consensual, consistente los hechos en que le manifestó “QUE ME IBA A MATAR DONDE ME VIERA Y TE VOY A PERSEGUIR HASTA DARTE DOS PUÑALADAS. LUEGO ALLÍ MISMO ME DIJO, SÁTIRO, CABRÓN, ME CAGO EN TU MADRE, NO TE VAYAS A QUEDAR DONDE TU DUER-MES, PORQUE TE VOY A APUÑALEAR LA ESPALDA”. Sin-tiendo el perjudicado temor por su vida. (Énfasis nuestro). Apéndice de la Petición de certiorari, pág. 73.
*644 I
A. Como señala el profesor Chiesa Aponte, el “término acusación adolece, en nuestro derecho procesal penal, de ambigüedad; el término se utiliza en dos sentidos distintos, esto para mentar dos conceptos”. E.L. Chiesa Aponte, Derecho procesal penal de Puerto Rico y Estados Unidos, Bogotá, Ed. Forum, 1995, Vol. III, Sec. 24.1, pág. 93. Por un lado, se utiliza el término para referirse “al documento que contiene las imputaciones de delito y que constituye el con-junto de alegaciones del Ministerio Fiscal, base para las alegaciones del acusado y la celebración de procedimientos posteriores, incluyendo el juicio”. (Enfasis nuestro y escolio omitido). íd.
En ese sentido amplio, “la acusación es el ‘pliego acus-atorio’ que contiene las imputaciones del Pueblo contra el acusado, independientemente de la naturaleza del delito imputado (grave o menos grave) y de la sección del Tribunal de Primera Instancia ante el cual se halle pendiente el caso”. Chiesa Aponte, íd. En un sentido técnico, cabe dis-tinguir la acusación de la denuncia. En la primera, se im-puta generalmente un delito grave, mientras que en la se-gunda se imputa siempre un delito menos grave. Véase Regla 34 de Procedimiento Criminal, 34 L.P.R.A. Ap. II. En la discusión que procede, se utiliza el término “acusación” en su acepción amplia.
A través de los siglos, la naturaleza de lo que constituye una acusación ha evolucionado. N. Hollander y otros, 1 Wharton’s Criminal Procedure 14th Sec. 5:1 (2002). Origi-nalmente, una acusación era suficiente si en ella mera-mente se alegaba algo tan sencillo como que “alguien se robó un caballo”. íd. Sin embargo, debido a que en el sis-tema inglés el derecho consuetudinario era el que definía los delitos y le imponía penas severas, varias cortes comen-zaron a imponer reglas técnicas para proteger a los acusa-dos de ambigüedad o de falta de precisión en la definición *645 de delitos. Véase, en general, F. Warthon, Criminal Pleading and Procedure, 9na ed., Philadelphia, Ed. Kay and Brother, 1889. Ese diseño procesal rígido requería una declaración completa de los hechos alegados y las teorías le-gales subyacentes. Lo anterior tenía como fin proteger a los acusados de la multiplicación arbitraria de ofensas, de la extensión de la ley penal mediante legislación judicial y de la arbitrariedad de la Corona en el ejercicio del poder. United States v. Wydermyer, 51 F.3d 319, 324 (2do Cir. 1995); 3 Holdsworth, A History of English Law 3rd, pág. 623 (1923).
En ese entonces, los errores técnicos en las acusaciones podían resultar en desestimaciones de casos o en la revo-cación de convicciones. Hollander, op. cit., Sec. 5:1. No obstante, en la era de los códigos penales y de las reglas sobre la suficiencia y el peso de la prueba esas justificaciones de rigidez técnica en la revisión de acusaciones ha desaparecido. United States v. Wydermyer, supra, pág. 324.
En la época moderna, la revisión sobre la suficiencia de una acusación se enfoca en los aspectos siguientes: (1) el derecho del acusado a ser informado de la naturaleza de los cargos en su contra, según contemplado en la Sexta Enmienda de la Constitución Federal y el Art. II, Sec. 11 de la Constitución de Puerto Rico, L.P.R.A. Tomo 1; (2) el de-recho constitucional en la jurisdicción federal en ciertos casos a ser procesado por una acusación que pase el cedazo de un gran jurado, Russell v. United States, 369 U.S. 749, 760-761 (1962), y (3) el derecho constitucional a no ser procesado dos veces por el mismo delito, según vislum-brado en la Sexta Enmienda de la Constitución federal y el Art. II, Sec. 11 de la Constitución de Puerto Rico, L.P.R.A., Tomo 1.
Aunque ya no existen las reglas de rigidez que goberna-ban siglos atrás, en ocasiones no presentar con suficiente especificidad los hechos que se imputan en una acusación puede causar la revocación de urna convicción. Lo expuesto *646 se puede apreciar con claridad si se analiza lo resuelto en Russell v. United States, supra. Allí, el Tribunal Supremo de Estados Unidos resolvió que una acusación basada en negarse a contestar las preguntas de una comisión del Congreso, 2 U.S.C. sec. 192, era insuficiente si no se ale-gaba específicamente el tema de preguntas que se negó a contestar el acusado. íd., págs. 763-764 y 768. La decisión de ese Foro se sustentó en que uno de los elementos del delito que se imputó requería que la información fuera pertinente. íd. En ese caso no bastó con alegar en la acusa-ción que el acusado se negó a contestar ante el Congreso “preguntas pertinentes”. Era necesario abundar en la per-tinencia del tema de las preguntas, lo que no ocurrió. íd. Sobre la importancia de que una acusación contenga todos los elementos del delito imputado véanse, además: United States v. Cruikshank, 95 U.S. 542 (1875); State v. Shirley, 89 P.3d. 649 (Kan. 2004).
Claro está, la especificidad de hechos en cada acusación dependerá del delito imputado. Hollander, op. cit., Sec. 5:11. En suma, podemos concluir que toda acusación tiene que incluir información suficiente para establecer el qué, quién, cómo y dónde del delito imputado. íd.; 5 LaFave, Israel et al., Criminal Procedure 3rd Sec. 19.3(b), págs. 276-285 (2007).
Sin embargo, en ocasiones, el Ministerio Público puede redactar en la acusación hechos irrelevantes y perjudicia-les al acusado. Cuando eso ocurre en la jurisdicción federal, la Regla 7 de Procedimiento Criminal federal permite al abogado de la defensa presentar una moción para elimi-nar ese material irrelevante y peijudicial. En particular, la Regla 7(d) de Procedimiento Criminal federal dispone en lo que nos ocupa: “Upon the defendant’s motion, the court may strike surplusage from the indiement or information”. 18 U.S.C. Ap. R.7(d). La jurisprudencia de los tribunales federales en torno a la citada Regla 7, íd., expresa con cla-ridad que solo las alegaciones irrelevantes y perjudiciales *647 pueden ser eliminadas al amparo de la Regla 7, id. United States v. Hedgepeth, 434 F.3d 609 (3er Cir. 2006); United States v. Giampa, 904 F. Supp. 235 (D. N.J. 1995); United States v. Giovanelli, 747 F. Supp. 875 (S.D. N.Y. 1989); Drawnow v. United States, 307 F.2d 545 (8vo Cir. 1962). Véase, además, 1 Wright and Leipold, Federal Practice and Procedure 4th Sec. 128, pág. 641 (2008).
Incluso, como señala con sinceridad la opinión mayori-taria, pág. 632, hay tribunales que han permitido en la acusación información que, aunque no es esencial a los car-gos imputados, sí es relevante a la evidencia que el Ministerio Público presentará en el juicio. United States v. Yeaman, 987 F. Supp. 373 (E.D. PA. 1997); United States v. Caruso, 948 F. Supp. 382 (D. N.J. 1996).
B. Por su parte, en nuestro ordenamiento jurídico la Regla 34 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, dispone que la primera alegación de parte del Pueblo será la acusación. La Regla 35 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, regula el contenido de la acusación. En lo concerniente, ese precepto indica:
La acusación y la denuncia deberán contener:
(c) Una exposición de los hechos esenciales constitutivos del delito, redactada en lenguaje sencillo, claro y conciso, y de tal modo que pueda entenderla cualquier persona de inteligencia común. Las palabras usadas en dicha exposición se interpre-tarán en su acepción usual en el lenguaje corriente, con excep-ción de aquellas palabras y frases definidas por ley o por la jurisprudencia, las cuales se interpretarán en su significado legal. Dicha exposición no tendrá que emplear estrictamente las palabras usadas en la ley, y podrá emplear otras que tuvie-ren el mismo significado. En ningún caso será necesario el ex-presar en la acusación o denuncia, presunciones legales ni ma-terias de conocimiento judicial. (Enfasis nuestro). Id.
La Regla 35 de Procedimiento Criminal, id., requiere que toda acusación: (1) incluya todos los elementos del de-lito imputado-, (2) en un lenguaje al alcance de la compren-sión del ciudadano promedio. Chiesa Aponte, op. cit, pág. *648 144. Esencialmente, la Regla 35 de Procedimiento Criminal, id., responde al derecho constitucional de todo acusado “a ser notificado de la naturaleza y causa de la acusación”, según lo establece el Art. II, Sec. 11 de la Constitución de Puerto Rico, L.P.R.A., Tomo 1, ed. 2008, pág. 343. Véase Pueblo v. Montero Luciano, 169 D.P.R. 360, 372 (2006). Por eso, si una acusación no imputa delito, la Regla 64(a) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, permite que se desestime.
Sobre el particular, mencionamos en Pueblo v. Calviño Cereijo, 110 D.P.R. 691, 694 (1981), que “[fias acusaciones y las denuncias deben informar a los acusados de qué se les acusa, pero no es para ello necesario seguir ningún lenguaje estereotipado o talismánico”. (Enfasis nuestro). Por su parte, el profesor Chiesa Aponte ha mencionado que “la suficiencia de una acusación se evalúa en forma liberal en cuanto al lenguaje utilizado, en la imputación del delito, aunque en forma rigurosa en cuanto a la necesidad de im-putar todos los elementos del mismo”. Chiesa Aponte, op. cit., pág. 149. Ahora, la opinión del Tribunal invierte ese análisis en su ponencia. Interpreta de forma laxa la nece-sidad de imputar todos los elementos del delito pero, con rigurosidad, el lenguaje utilizado en la acusación.
Debido a la importancia de que se señalen todos los ele-mentos del delito en una acusación, en Pueblo v. González Olivencia, 116 D.P.R. 614 (1985), nos vimos obligados a re-ducir una sentencia de quince a seis años de prisión. Lo hicimos, porque en la acusación no se alegó un elemento del delito que hubiere agravado la pena. Id., pág. 617. Véase, además, Pueblo v. Narváez Narváez, 122 D.P.R. 80 (1988).
En la acusación que nos ocupa se imputa el delito de maltrato mediante amenaza, según tipificado en el Art. 3.3 de la Ley Núm. 54, supra. Ese precepto dispone lo siguiente:

See. 633 Maltrato mediante amenaza

Toda persona que amenazare a su cónyuge, ex cónyuge, a la *649 persona con quien cohabita o con quien haya cohabitado o con quien sostiene o haya sostenido una relación consensual, o la persona con quien haya procreado un hijo o hija, con causarle daño determinado a su persona, a los bienes apreciados por ésta, excepto aquellos que pertenecen privativamente al ofen-sor, o a la persona de otro, incurrirá en delito grave de cuarto grado en su mitad superior.
El tribunal podrá imponer la pena de restitución, además de la pena de reclusión establecida. (Énfasis nuestro).
Como se aprecia, el sujeto activo de ese delito es la persona que amenaza a su cónyuge, excónyuge, persona con quien cohabite o con quien haya cohabitado, con quien sos-tenga o haya sostenido una relación consensual o con quien haya procreado un hijo o hija. La conducta que prohíbe el Art. 3.3, id., es amenazar a alguien con causarle un daño determinado a su persona o los bienes apreciados por esta.
En general, el delito de amenaza “es la expresión inten-cional de que se llevará a cabo determinada intención de-lictiva o daño contra otra persona”. D. Nevares-Muñiz, Có-digo Penal de Puerto Rico, 5ta ed. rev., San Juan, Ed. Inst. para el Desarrollo del Derecho, 2012, pág. 252. De esa forma, para que se configure ese delito es necesario que “la amenaza llegue al conocimiento del amenazado y sienta la aprehensión o el temor propio de la amenaza”. D. Nevares-Muñiz, Derecho penal puertorriqueño, 6ta ed., San Juan, Ed. Inst, para el Desarrollo del Derecho, 2010, pág. 305.
II
Con mucho respeto, me parece que la opinión del Tribunal incurre en un gran error conceptual que lo lleva a con-cluir de forma errada en este caso: le atribuye valor eviden-ciarlo a una acusación. En particular, la Opinión del Tribunal, pág. 637, indica que “la deliberación del jurado puede mancillarse con información de carácter testimonial que no fue considerada en el juicio, lacerando así los dere-chos constitucionales del acusado”. (Énfasis suplido).
Sin embargo, un análisis histórico de lo que constituye *650 una acusación, además de un análisis integrado de las Re-glas de Procedimiento Criminal, obligan a concluir que la acusación no es otra cosa que una alegación que hace el Ministerio Público en la que informa a una persona de qué se le acusa. De hecho, la Opinión del Tribunal, pág. 637, concluye con candidez que “la acusación no constituye prueba ...”. Evidentemente, todos los hechos que el Ministerio Público consigna en una acusación necesitan ser pro-bados más allá de duda razonable en el proceso penal. Pueblo v. García Colón I, 182 D.P.R. 129, 174—176 (2011); Pueblo v. Lugo, Rivero y Almodóvar, 121 D.P.R. 454, 472 (1988); Pueblo v. Gabán Torres, 117 D.P.R. 645, 652 (1986). Sin embargo, no podemos aplicarle a una acusación las Reglas de Evidencia. Si eso hiciéramos, procedería entonces desestimar todas las acusaciones, porque en ellas se vierte prueba de referencia inadmisible. Regla 804 de Evidencia, 32 L.P.R.A. Ap. VI. Es decir, el Ministerio Público hace una relación de hechos de los cuales no tiene conocimiento personal. Incluso, la Regla 47 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, permite al Ministerio Público que haga una alegación con relación a cualquier documento, sin que sea necesario incluirse una copia de todo o de una parte.
Según lo anterior, en nuestro esquema procesal penal se le imparten unas instrucciones al Jurado. En ellas, se le explica que, como muy bien indica la opinión del Tribunal, la acusación no constituye prueba, sino que es una alega-ción que hace el Ministerio Público. En particular, el Proyecto de Libro de Instrucciones al Jurado de 2008, pág. 2, confeccionado por el Secretariado de la Conferencia Judicial, (1) indica sobre los miembros del Jurado que:
No pueden tener prejuicio alguno contra el acusado [la acusada] por el hecho de que haya sido arrestado [arrestada] o detenido [detenida], porque esta acusación haya sido presen- *651 tada en su contra, o porque sea sometido [sometida] a juicio. Ninguna de estas circunstancias es evidencia de su culpabilidad. Ustedes no pueden inferir o especular que por razón de dichas circunstancias o por alguna de ellas es más probable que el acusado [la acusada] sea culpable o no culpable. (Corchetes en el original).
Más adelante, el Proyecto abunda al respecto:
Al comenzar el juicio, se le dará lectura formal a la acusación. Recordamos a las damas y caballeros del Jurado que la acusación no es evidencia y por sí sola no demuestra que el acusado [la acusada] cometió el delito que se le imputa. Es con la prueba que presentará el Ministerio Fiscal, y que sea admitida durante el juicio, que ustedes determinarán si el de-lito fue cometido o si el Ministerio Fiscal probó o no, más allá de duda razonable, todos los elementos del delito.
Como se les instruyó previamente, la acusación por sí sola no es prueba de que se cometió delito. La ley presume que el acusado [la acusada]_es inocente del(de los) deli-to(s) mencionado(s) en la acusación. En todos los casos crimi-nales aplica el principio fundamental establecido en la Cons-titución de Puerto Rico de que el acusado [la acusada] es inocente, a no ser que se pruebe lo contrario. Esta presunción de inocencia acompañará al acusado [a la acusada] _durante todo el juicio, y hasta el momento en que ustedes rindan su veredicto. íd., págs. 12 y 13.
Opino que esa instrucción es más que suficiente para evitar un perjuicio indebido al acusado. Afirmar lo contra-rio implicaría resolver que un jurado no puede entender un principio de derecho que está firmemente arraigado en nuestra jurisdicción, a saber, el mandato constitucional que garantiza al acusado la presunción de inocencia y exige que toda convicción esté sostenida con evidencia más allá de duda razonable. Pueblo v. García Colón I, supra; Pueblo v. Lugo, Rivero y Almodóvar, supra.
De igual forma, no podemos olvidar que el delito que se imputa en el pliego acusatorio que nos ocupa es el de mal-trato mediante amenaza, Art. 3.3. de la Ley Núm. 54, supra. Para auscultar si, en efecto, se configuró una ame-naza, hay que saber cuál fue la expresión en particular que *652 alegadamente manifestó el sujeto activo al sujeto pasivo del delito. Así, resulta espinoso concebir cómo el Ministerio Público puede alegar en la acusación el elemento del daño determinado a la persona o los bienes apreciados por ésta sin colocar la frase que manifestó el sujeto activo. Por esa razón, la Opinión del Tribunal, pág. 634, tuvo que concluir con integridad intelectual que el contenido de la acusación “no es material irrelevante ni innecesario”. Y es que en este caso el Ministerio Fiscal no expuso la frase en contro-versia por alguna razón maquiavélica. Simplemente, el Ministerio Público se aseguró de cumplir con el derecho cons-titucional que tiene todo acusado a conocer la naturaleza del delito por el cual se le acusa, además de asegurarse que no se le está procesando dos veces por el mismo delito. En ese sentido, el caso es sencillo: la acusación por amenaza tiene que decir cuál es la amenaza alegada.
Una consecuencia adversa de este caso es que se revoca con mucho disimulo nuestra decisión en Pueblo v. Calviño Cereijo, supra. Digo esto porque ahora le exigimos al Mi-nisterio Fiscal que utilice un lenguaje talismánico, ya que todas las acusaciones se deben redactar en tercera persona gramatical. Pero como ya hemos señalado a la saciedad, ese nuevo requisito responde a un error conceptual. Se le aplican a una acusación las Reglas de Evidencia aunque eso no procede. Francamente, no creo que para determinar si una persona es culpable del delito que se le imputa, un Jurado delibere sobre si la acusación se redactó en primera o tercera persona gramatical. No es necesario utilizar un lenguaje talismánico. Pueblo v. Calviño Cereijo, supra. Tampoco es convincente la distinción que hace la opinión del Tribunal entre el contenido y la forma de una acusación. En el pasado, hemos tenido que dilucidar la su-ficiencia de acusaciones redactadas en una forma casi idéntica. De hecho, para muestra un botón basta.
Aún no se ha secado la tinta de nuestra decisión en Pueblo v. Ayala García, 186 D.P.R. 196 (2012). En ese caso, la *653 acusación imputó el mismo delito que nos ocupa. La acusa-ción indicaba:
El referido imputado, Abraham Ayala García, allá en o para el día 29 de abril de 2008, en Río Grande, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instan-cia, Sala Superior de Fajardo, ilegal, voluntaria, maliciosa y criminalmente, violó el Art. 3.3 de la Ley 54, consistente [sic] en que el aquí imputado amenazó a la Sra. Moraima Vázquez Cotto, persona con quien convivió y han procreado dos hijos. Consistente [sic] en que le manifestó “te voy a joder, eres una puta, cabrona, donde te coja te voy a joder”. Sintiendo ésta temor por su vida. Alegando la víctima que tiene miedo porque siempre anda sola con sus hijos.
Como se aprecia, en ese caso el Ministerio Público tam-bién colocó entre comillas la frase que manifestó el sujeto activo al sujeto pasivo del delito, como es la práctica forense. Es razonable concluir que ese enunciado entre co-millas provino de una declaración jurada. Sin embargo, a ningún miembro de este Foro le causó sospecha la redac-ción de esa acusación. Incluso, a base de esa acusación en-contramos culpable al señor Ayala García de quebrantar el Art. 3.3 de la Ley Núm. 54, supra. Nos preguntamos: ¿esa acusación sobreviviría el análisis rígido que adopta la opi-nión del Tribunal en el día de hoy ?
Como señala la opinión del Tribunal, esa no era la con-troversia central de ese caso. Y es que no había forma de que lo fuera. Como señalé en el comienzo de este disenso, esta es la primera vez en nuestra historia —y en la historia de jurisdicciones análogas a la nuestra— que castigamos al Ministerio Público por colocar en la acusación uno de los elementos del delito que se imputa. Ahora bien, aunque la. controversia en Pueblo v. Ayala García, supra, no era idéntica, la realidad es que sí tuvimos que analizar con mucho cuidado la acusación que presentó el Ministerio Público.
*654 III
Otro fundamento que utiliza la opinión del Tribunal para justificar su proceder es la Regla 140 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, que dispone que “[a]l retirarse a deliberar, el jurado deberá llevarse consigo todo objeto o escrito admitido en evidencia, excepto las deposiciones”. Al interpretar esa regla, la Opinión del Tribunal, pág. 635, concluye que la práctica del Ministerio Público de citar expresamente porciones de la declaración jurada del perjudicado la contraviene. Fundamenta su con-clusión en que esa práctica “evad[e] subrepticiamente la prohibición de que las declaraciones juradas —escritas— sean consideradas por el Jurado en el proceso de delibera-ción, al introducirlas a través del pliego acusatorio”. Opi-nión del Tribunal, pág. 636. Esa conclusión es incorrecta. Nunca antes hemos impedido al fiscal imputar cuál fue la amenaza que a su juicio constituye un delito.
En Pueblo v. Ramos Cruz, 84 D.P.R. 563, 571 (1962), decidimos que era injusto para un acusado que el Jurado se llevara al salón de deliberación una confesión escrita del acusado. En Pueblo v. Martínez Díaz, 90 D.P.R. 467 (1964), sostuvimos lo mismo en cuanto a una declaración jurada completa de un testigo. Como se puede apreciar, se que-branta la Regla 140 de Procedimiento Criminal, supra, cuando el Jurado se retira a deliberar y se lleva consigo una confesión escrita o la declaración completa de una testigo. Eso no ocurre en este caso.
De igual forma, nuestros pronunciamientos posteriores en Pueblo v. Vega Román, 92 D.P.R. 677 (1965); Pueblo v. Colón Rivera, 93 D.P.R. 852 (1967); Pueblo v. Denis Rivera, 98 D.P.R. 704 (1970), y Pueblo v. García García, 98 D.P.R. 827 (1970), revelan que la Regla 140, supra, entra en es-cena una vez culmina el desfile de prueba y el Jurado se retira a deliberar. En este caso, todavía no sabemos si la acusada va a ejercer su derecho a juicio por jurado. Así *655 pues, me parece que el planteamiento de la defensa, que acoge la Opinión del Tribunal con beneplácito, es incierto y especulativo.
Por otro lado, en el caso que nos ocupa, se trata de dos oraciones que recogen la frase que constituye la amenaza propiamente. Sobre el particular, la Opinión del Tribunal, pág. 638, señala que “[h]oy son dos oraciones; mañana, tal vez, será media página de expresiones en primera persona gramatical, que fueron parte de una declaración jurada, y que estarían disponibles en medio de un cuarto de deliberación”. Con mucho respeto, me parece que la Opi-nión del Tribunal busca resolver un caso que no tiene ante su consideración. En este caso no se trata de media ni de una página de una declaración jurada. Nos enfrentamos a una acusación que solo busca recoger lo que alegadamente el sujeto activo del delito le dijo al sujeto pasivo, porque eso es lo que constituye el delito. Sin embargo, vale cuestio-narse: ¿podrá existir algún caso en que una persona ame-nace a otra de una forma tan prolongada que sea necesario utilizar media página o una completa para poder describir adecuadamente en que consistió ese elemento del delito? Responder en la afirmativa no es descabellado. Pero al pa-recer, la opinión del Tribunal no contempla esa posibilidad.
Ahora bien, si intentamos unificar lo resuelto en Pueblo v. Ayala García, supra, con lo que hoy se resuelve, parece que no se vulnera la Regla 140 de Procedimiento Criminal, supra, si la cita directa de una declaración jurada ocupa menos de dos oraciones en una acusación. Pero si ocupa dos o más oraciones, se vulnera la Regla referida.
De igual forma, al momento de emitir su decisión, este Foro tiene que ser consciente de las consecuencias de su actuación. En este caso, la solución es enmendar la acusa-ción y redactarla en tercera persona gramatical porque el juicio no ha comenzado, como indica la opinión del Tribunal, pág. 639. No obstante, ¿qué va a ocurrir en otros casos en los que el juicio ya comenzó? ¿Va a aplicar a esos casos la *656 decisión del Tribunal? ¡Jtlabrá algún impedimento bajo la cláusula de doble exposición para procesar nuevamente en esos casos? En suma, no comprendo por qué es necesario utilizar un análisis tan tieso a la hora de analizar una acusación como la que nos ocupa.
IV
La obligación de probar lo alegado en la acusación es del Ministerio Público. Mientras más detalles aleguen, más es lo que tiene que probar. De lo contrario, el jurado no ha-llará culpable al acusado de los cargos que carezcan de prueba para sustentarlos. En fin, el perjuicio que alega el acusado es imaginario.
Por los fundamentos expuestos, disiento respetuosa-mente de la decisión de este Tribunal de ordenar al Minis-terio Público que enmiende en cinco días la acusación en este caso y la redacte en tercera persona gramatical. Por el contrario, confirmaría la decisión del Tribunal de Apelacio-nes que revocó la resolución del foro primario y resolvió que la acusación en controversia está redactada correcta-mente.

 El documento se puede acceder en el enlace siguiente: http:// www.ramajudicial.pr/sistema/supremo/conferencia/ manual-instrucciones-jurado-septiembre-2008.pdf (última visita el 29 de agosto de 2012).